IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

EUGENE GRIGGS; CAMERON MADDOX; *
and CHRISTOPHER VARNER, *
 *
    Plaintiffs, *
 *
    v. * CV 117-089
 *
AHMED HOLT, in his official *
capacity as Assistant Regional *
Director, Georgia Department *
of Corrections; EDWARD PHILBIN, *
in his official capacity as *
Warden, Augusta State Medical *
Prison; STAN SHEPARD, in his *
individual capacity; VERNEAL *
EVANS, ANTONIO BINNS, *
JUSTIN WASHINGTON, LENON *
BUTLER, RODGERICK NABORS, *
JULIAN GREENAWAY, and JERRY *
BEARD, Former Correctional *
Officers, Augusta State Medical *
Prison, in their individual *
capacities; TREI BLUITT, JANSON *
CREAGOR, and JOHN DOE, *
Correctional Officers, Augusta *
State Medical Prison, in their *
individual capacities, *
 *
    Defendants. *

# O R D E R

Before the Court is Plaintiffs' motion for entry of final judgment under Federal Rule of Civil Procedure 54(b). (Doc. 102.) Plaintiffs request certification of the Court's October 24, 2018 Order dismissing Plaintiff Christopher Varner's excessive force

claims for failure to exhaust administrative remedies. For the reasons set forth below, Plaintiffs' motion is **GRANTED**.

## I. BACKGROUND

This case concerns three Plaintiffs' joint challenge to the use of excessive force at Augusta State Medical Prison ("ASMP"). Each Plaintiff's individual excessive force claim is based on different incidents at ASMP involving different Defendants. (See Am. Compl., Doc. 7, ¶¶ 138-50.) Nevertheless, Plaintiffs joined their claims in a single suit to address ASMP's "pervasive and longstanding practice" of using excessive force on inmates with mental illness. (See id. ¶ 1.)

On October 24, 2018, the Court entered an Order granting Defendants'[1] motions to dismiss Plaintiff Christopher Varner's excessive force claims for failure to exhaust administrative remedies under the Prison Litigation Reform Act ("PLRA"). (Doc. 78, at 10-21.) Varner's claims were dismissed with prejudice, but Plaintiffs Eugene Griggs and Cameron Maddox's excessive force and prospective relief claims[2] were allowed to proceed. (Id. at 21-

---

[1] Here, the Court refers to the Defendants that Varner alleges violated his constitutional rights, which includes Antonio Binns, Justin Washington, Lenon Butler, Rodgerick Nabors, Julian Greenway, John Doe, Stan Stephard in his individual capacity, and Jerry Beard in his individual capacity. (Am. Compl., ¶¶ 143, 151-59.)
[2] Plaintiffs have since voluntarily dismissed their claims for prospective relief. (Order of Mar. 6, 2019, Doc. 113.)

2

26.) Varner was the only Plaintiff against whom Defendants raised an exhaustion defense.

Currently, Maddox and Griggs are litigating their claims in this Court with discovery set to end on June 7, 2019, and dispositive motions due by July 8, 2019. (Order of Mar. 12, 2019, Doc. 115.) Plaintiffs filed a motion for entry of final judgment under Rule 54(b) so Varner can appeal the Court's October 24th Order dismissing his claims for failure to exhaust without waiting for Maddox and Griggs to resolve their own excessive force claims.

## II. LEGAL STANDARD

Generally, to file an appeal, there must be a final judgment adjudicating the rights and liabilities of all parties on all claims. Ebrahimi v. City of Huntsville Bd. of Educ., 114 F.3d 162, 165 (11th Cir. 1997). Federal Rule of Civil Procedure 54(b) provides an exception to that rule by allowing the district court to certify a final judgment on fewer than all claims or parties. Id.; see also Lloyd Noland Found., Inc. v. Tenet Health Care Corp., 483 F.3d 773, 777 (11th Cir. 2007).

The Supreme Court and the Eleventh Circuit have counseled district courts to exercise their discretion under Rule 54(b) "conservatively"; limiting the rule's application to "the unusual case in which the costs and risks of multiplying the number of proceedings and of overcrowding the appellate docket are

3

outbalanced by pressing needs of the litigants for an early and separate judgment as to some claims or parties." Ebrahimi, 114 F.3d at 166 (quoting Morrison-Knudsen Co. v. Archer, 655 F.2d 962, 965 (9th Cir. 1981)); see also Curtiss-Wright Corp. v. Gen. Elec. Co., 446 U.S. 1, 10 (1980).

To enter a final partial judgment under Rule 54(b), district courts employ a two-step analysis. First, the court must decide whether its judgment is, in fact, both "final" and a "judgment." Curtiss-Wright Corp., 446 U.S. at 7. "It must be a judgment in the sense that it is a decision upon a cognizable claim for relief, and it must be final in the sense that it is 'an ultimate disposition of an individual claim entered in the course of a multiple claims action.'" Id. (quoting Sears, Roebuck & Co. v. Mackey, 351 U.S. 427, 436 (1956)).

Second, the district court must determine that "there is no 'just reason for delay' in certifying [the judgment] as final and immediately appealable." Lloyd Nolan Found., Inc., 483 F.3d at 777 (quoting Curtiss-Wright Corp., 446 U.S. at 8). Here, the district court balances judicial administrative interests with the relative equitable concerns. Ebrahimi, 114 F.3d at 165–66. Consideration of judicial administrative interests is necessary to "preserve[] the historic federal policy against piecemeal appeals." Id. at 166 (quoting Sears, 351 U.S. at 438). In a similar way, analyzing the relevant equities ensures Rule 54(b)

4

certification is limited to situations where immediate appeal is necessary to alleviate some danger of hardship or injustice associated with delay. Id.

The Supreme Court has declined to "fix or sanction narrow guidelines for the district courts to follow" under the second prong. Curtiss-Wright Corp., 446 U.S. at 10-11. Nevertheless, courts analyzing judicial administrative interests should consider factors including "whether the claims under review were separable from the others remaining to be adjudicated and whether the nature of the claims already determined was such that no appellate court would have to decide the same issues more than once even if there were subsequent appeals." Id. at 8. Further, with respect to the equities involved, district courts enjoy a greater degree of deference because the district court "is 'the one most likely to be familiar with the case and with any justifiable reasons for delay.'" See id. at 10 (quoting Sears, 351 U.S. at 437).

### III. DISCUSSION

Defendants do not contest that the Court's October 24th Order dismissing Varner's claims for failure to exhaust administrative remedies was a final judgment for the purposes of Rule 54(b). The parties only dispute the second prong — whether there is no just reason for delay in certifying the judgment for appeal.

5

To analyze the second prong, the Court first considers the judicial administrative interests, specifically focusing on the "interrelationship" between Varner's dismissed claim and the other Plaintiffs' claims. See Curtiss-Wright Corp., 446 U.S. at 9. Varner's adjudicated claim is easily separable from the other Plaintiffs' unadjudicated claims because they involve different incidents, different defendants, and different procedural issues. The interrelationship between the claims extends only to the name of the cause of action — excessive force — and the location of the events — ASMP. Moreover, the only issue that Varner seeks review on is whether he exhausted his administrative remedies as required by the PLRA. This issue raises factual and legal questions that are entirely distinct from the other Plaintiffs' claims,[3] and largely distinct from the underlying merits of Varner's own claim. See D&M Carriers LLC v. M/V Thor Spirit, 586 F. App'x 564, 568 (11th Cir. 2014) (finding no just reason to delay hearing the appeal where the claim under review "does not depend on the resolution of any claims" between the plaintiff and the remaining defendant).

Further, the reviewing court would not have to decide the issue of exhaustion more than once, even if there are subsequent appeals. Exhaustion is a procedural question that has little

---

[3] Defendants never raised an exhaustion defense with respect to Griggs and Maddox's claims.

6

bearing on the underlying factual issues of Varner's claim, such as liability. Cf. Fed. Home Loan Bank of Bos. v. Moody's Corp., 821 F.3d 102, 107 n.3 (1st Cir. 2016) (affirming no just reason for delay where "the entry of judgment against [the defendant] rests on purely legal grounds distinct from the factual questions of liability being litigated by the remaining parties"), abrogated on other grounds by, Lightfoot v. Cendant Mortg. Corp., 580 U.S. ___, 137 S. Ct. 553 (2017). On appeal, Varner may prevail and continue to litigate his claims on the merits or the Eleventh Circuit will affirm this Court's exhaustion ruling and Varner's claims will remain barred. Either way, the exhaustion issue will not arise twice.

Moreover, the issue Varner seeks to appeal involves specific facts, such as grievances filed and the availability of the grievance procedure, which are only relevant to the discrete issue of exhaustion. Thus, an appeals panel would not be required to learn the same set of facts twice. In total, Varner's claims under review are separable from the other Plaintiffs' unadjudicated claims and would not require any duplicative efforts by a reviewing court.

Finally, Plaintiffs' brief cites several out-of-circuit cases that certify a final judgment on claims dismissed for failure to exhaust administrative remedies under the PLRA, see, e.g. Pippin v. Blechl, 2005 WL 2716505, at *2 (W.D. Wis. Oct. 19, 2005);

7

Henrius v. Cty. Of Nassau, 2016 WL 1296215, at *17 (E.D.N.Y. Mar. 31, 2016); Orr v. Hernandez, 2011 WL 4458776, at *12 (E.D. Cal. Sept. 23, 2011), and cases that certify a final judgment on claims dismissed for failure to exhaust administrative remedies under other statutory schemes, see, e.g., Safari Club Int'l v. Jewell, 2015 WL 13651266, at *3-4 (D.D.C. Apr. 10, 2015) (Administrative Procedures Act); Doe v. United States, 106 Fed. Cl. 118, 128 n.8 (Fed. Cl. 2012) (Conservation Security Program); Ronga v. N.Y. City Dep't of Educ., 2011 WL 1327026, at *6 (S.D.N.Y. Mar. 31, 2011) (Title VII). These cases confirm that district courts routinely certify final judgments on the issue of exhaustion of administrative remedies because that issue is separable from other unresolved claims.

Next, the Court considers the relative equities. It is first important to note that the Court is granted "substantial deference" to weigh the equities, more so than under the first prong of the Rule 54(b) analysis. See Curtiss-Wright Corp., 446 U.S. at 10 ("The reviewing court should disturb the trial court's assessment of the equities only if it can say that the judge's conclusion was clearly unreasonable.").

Plaintiffs argue the equities favor entry of final judgment for essentially two reasons. First, Varner's excessive force claims are "unusually strong" because three Defendants have already admitted liability and have been criminally prosecuted.

8

(Pls.' Reply Br., Doc. 105, at 9; see also United States of America v. Williams, et al., Case No. 1:16-CR-024 (S.D. Ga. Apr. 7, 2016).) Second, the incident underlying Varner's claim occurred in February 2014, more than five years ago by the date of this Order. Plaintiffs' contend that continued delay will jeopardize Varner's ability to effectively engage in discovery[4] should his claim eventually be allowed to proceed.

Defendants advance a different assessment of the equities in this case. They contend that Plaintiffs cannot show any danger or hardship associated with waiting to appeal until all claims have been adjudicated. Further, they counter Plaintiffs' delay argument by pointing out Varner waited three years to file this case and three months to make this motion after the Court entered its October 24th Order. Last, Defendants argue entry of judgment would cause substantial hardship to defense counsel by requiring them to defend an appeal and litigate the unresolved claims simultaneously.

The Court recognizes that despite his failure to exhaust administrative remedies, Varner brings an otherwise viable excessive force claim. Varner is currently barred from developing his claim and the viability of an effective discovery process will

---

[4] Although three Defendants have admitted liability on Varner's excessive force claim, he named five other Defendants, at least one of which is unknown. (See Am. Compl., ¶¶ 25, 64.)

continue to diminish as time passes. Discovery for the other Plaintiffs is not set to end until June 7, 2019, after which the parties will likely file motions and eventually go to trial. This could delay Varner's ability to appeal for more than a year without Rule 54(b) certification.

While Defendants correctly point out Varner waited three years to file this action, he continued to file untimely grievances regarding the use of excessive force in the interim, at least one of which mentions filing a lawsuit. (See Order of Oct. 24, 2018, at 5-6.) Moreover, Varner suffers from serious mental illnesses and has sustained brain damage, both of which may have affected his ability to diligently pursue his claim. (See Am. Compl., ¶¶ 33-38.)

Finally, Defendants' contention that granting Rule 54(b) certification would impose an undue hardship on defense counsel is unconvincing. Plaintiffs' counsel would be subject to the same demands. Moreover, the need to defend an appeal while continuing to litigate the remaining claims arises in all Rule 54(b) certifications where the defendants share counsel. Simply stated, the equities in this case favor Plaintiffs. By balancing the relative equities with the strong judicial administrative interests discussed above, the Court concludes that there is no

just reason to delay certification of the October 24th Order as a final judgment.

## IV. CONCLUSION

Based on the foregoing, the Court finds that entry of final judgment under Federal Rule of Civil Procedure 54(b) is warranted. Accordingly, Plaintiffs' motion for entry of judgment (Doc. 102) is **GRANTED**. **IT IS THEREFORE ORDERED** that pursuant to Federal Rule of Civil Procedure 54(b), the Clerk is directed to **ENTER JUDGMENT** against Plaintiff Christopher Varner in accordance with the Order of October 24, 2018 (Doc. 78).

**ORDER ENTERED** at Augusta, Georgia, this 29th day of April, 2019.

J. RANDAL HALL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA